**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

WILLIE JAMES ATMORE,                    :
                                        :
              Plaintiff,                :
v.                                      :          Case No. 5:25-cv-520-MTT-ALS
                                        :
Judge DAVID L. MINCEY, *et al.*,        :
                                        :
              Defendants.               :
                                        :
_____       :

### ORDER TO SHOW CAUSE

Plaintiff Willie James Atmore, a person currently confined at Central State Hospital, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). On December 2, 2025, Plaintiff was directed to sign his complaint pursuant to Federal Rule of Civil Procedure 11 and refile the signed document with the Court. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's notice could result in the dismissal of his complaint. *See* Notice of Deficiency, Dec. 2, 2025.

The time for compliance passed, and Plaintiff did not sign and refile his complaint. Instead of complying with the notice of deficiency, Plaintiff filed two affidavits (Docs. 5, 6) and a motion for reconsideration (Doc. 7). None of these filings provide any explanation regarding why Plaintiff failed to comply with the Court's December 2, 2025 notice of deficiency. Further, Plaintiff's motion for reconsideration is almost completely illegible, and it is not clear what Plaintiff wishes the Court to reconsider. (Doc. 7). The Court has not entered an Order in this action. There is, therefore, nothing for the Court to reconsider.[1] Accordingly, Plaintiff's motion for reconsideration (Doc. 7) is **DENIED as moot**.

_____

[1] Plaintiff's affidavits and motion for reconsideration show this civil action number and two additional civil action numbers, 5:25-cv-519-CAR-ALS and 5:25-cv-521-CAR-ALS. *See* Docs. 5, at 1; 6, at 1; 7, at 1. In the future, Plaintiff

2

Rule 11 requires the Court to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention[,]" and the failure to comply with the orders and instructions of the Court is also grounds for dismissal. Fed. R. Civ. P. 11(a), 41(b). Consequently, Plaintiff is **ORDERED** to **RESPOND** and **SHOW CAUSE** why his complaint should not be dismissed for his failure to fully comply with Rule 11 and the Court's notice of deficiency. As explained in the notice of deficiency, Plaintiff must also sign and refile his complaint if he wishes to proceed with this action. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to respond <u>and</u> also to file his signed complaint. Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. **Failure to respond to this Order and to file his signed complaint will likely result in the dismissal of Plaintiff's complaint for failure to comply.** There shall be no service of process until further order of the Court.

SO ORDERED, this 2nd day of February, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

---

must prepare and file separate pleadings in each of his pending cases as opposed to placing numerous civil action numbers on one pleading and expecting the Court to file the pleading in all the listed actions.

2