## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

WILLIE JAMES ATMORE,          :
                              :
          Plaintiff,          :
     VS.                      :          NO. 5:25-cv-520-MTT-ALS
                              :
Judge DAVID L. MINCEY;        :
Attorney MEGAN TUTTLE,        :
                              :
          Defendants.         :
_____ :

## **ORDER**

Pro se Plaintiff Willie James Atmore, a pretrial detainee currently confined at Central State Hospital in Milledgeville, Georgia, filed an unsigned 42 U.S.C. § 1983 complaint (ECF No. 1) and moved to proceed *in forma pauperis* (ECF No. 2).   The Court issued a notice of deficiency, instructing Plaintiff to sign and return his complaint.   When Plaintiff failed to respond to the notice of deficiency, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to comply and prosecute his action.   ECF No. 8.   On February 9, 2026, the Court docketed Plaintiff's signed complaint.   ECF No. 1 (noting that signed complaint docketed on February 9, 2026); ECF No. 1-6 (copy of signed complaint).

Following review of Plaintiff's signed complaint and his litigation history, the Court finds that Plaintiff may not proceed *in forma pauperis* because he has three strikes under the Prison Litigation Reform Act ("PLRA") and has not alleged he is in imminent danger of serious physical injury. Thus, Plaintiff's action is **DISMISSED WITHOUT**

**PREJUDICE**.

## ANALYSIS UNDER 28 U.S.C. § 1915(g)

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   This is known as the "three strikes provision."

Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).   Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury.   *Id.*   The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.   *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal lawsuits while incarcerated and at least three of his § 1983 complaints were dismissed as

frivolous, malicious, or for failure to state a claim.   *See* Order Dismissing Compl., *Atmore v. Stembridge*, No. 5:06-cv-326-WDO-CWH (M.D. Ga. Sept. 21, 2006), ECF No. 4 (order dismissing complaint as frivolous and/or failure to state a claim); *Atmore v. Stembridge*, No. 5:06-cv-325-WDO-CWH (M.D. Ga. Sept. 27, 2006), ECF No. 4 (order dismissing complaint as frivolous); *Atmore v. Bibb Cnty. Sheriff's Dept.*, No. 5:06-cv-327-DF-CWH (M.D. Ga. Oct. 31, 2006), ECF No. 10 (order dismissing complaint as frivolous).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury.   28 U.S.C. § 1915(g).   To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Sutton v. Dist. Att'y Off.*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).   Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice.   *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's complaint is difficult to decipher.   He names Bibb County Superior Court Judge David Mincey and criminal defense attorney Megan Tuttle but states he has "never met" either of them."   ECF No. 1-6 at 1.   In fact, he seems to think they are "fake"

3

or "false." *Id*. at 5.   Plaintiff states that he is facing "false charges" (*Id*. at 3) and "[t]he reason they have . . . [a] fake judge and false attorney is because they know [he] know[s] how to beat the charges that are false because [he] beat false charges 5 times in 2000" (*Id*. at 5).   He indicates that unnamed individuals transferred him from the Bibb County Law Enforcement Center to Central State Hospital so they could "drug [him] for court."   *Id*. at 5.   These allegations do not show that Plaintiff faces an imminent danger of serious physical injury.[1]

---

[1]  These allegations also show that Plaintiff has failed to state a claim upon which relief may be granted. Thus, even if the Court allowed Plaintiff to proceed *in forma pauperis,* his action would be dismissed pursuant to 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e)(2).   First, Plaintiff has not linked any alleged constitutional violation to either of the two named Defendants.   That failure alone warrants dismissal. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."   *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (citations omitted).   A district court properly dismisses claims where a prisoner fails to state any allegations that connect the alleged constitutional violation with a defendant.   *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citations omitted) (affirming dismissal of claims against several defendants when plaintiff failed to allege facts that connect those defendants with any claim).   Second, even if Plaintiff linked a constitutional violation to Judge David Mincey, Mincey is "entitled to absolute judicial immunity from damages for those acts taken while [he is] acting in [his] judicial capacity unless [he] acted in the clear absence of all jurisdiction."   *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (quotation marks and citations omitted).   Judge Mincey would have been "acting in [his] judicial capacity" if and when he oversaw Plaintiff's criminal proceedings.   *Id*.   Additionally, the Superior Court of Bibb County has jurisdiction over Plaintiff's criminal conviction.   *Hicks v. State*, 494 S.E.2d 342, 343 (Ga. App. 1997) (citations omitted) (stating that superior courts in Georgia have "concurrent jurisdiction over felony and misdemeanor offenses").   Plaintiff could not obtain injunctive relief against Judge Mincey because 42 U.S.C. § 1983 prohibits injunctive relief against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."   As stated above, when presiding over Plaintiff's criminal case, Judge Mincey was acting in his judicial capacity and Plaintiff has not alleged, and it does not appear, that a declaratory decree was violated or that declaratory relief is unavailable.   Thus, injunctive relief against Judge Mincey is not available.   Third, Attorney Megan Tuttle is not liable under § 1983 because she is not a state actor. Defense counsel, whether court appointed or privately retained, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."   *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).   Thus, even if the Court allowed Plaintiff to proceed *in forma pauperis,* it would dismiss his complaint pursuant to the preliminary review under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e).

Because Plaintiff has three strikes under 28 U.S.C. § 1915(g) and has not shown an imminent danger of serious physical injury, it is **ORDERED** that his motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**, his complaint is **DISMISSED** without prejudice, and all outstanding motions (ECF No. 10; ECF No. 11; ECF No. 12) are **DENIED** as moot.[2]

**SO ORDERED**, this 23rd day of February, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status, he must pay the filing fee at the time he initiates the suit. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee.